UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

GARNELL WALKER,
Defendant.

Criminal No. 12-CR-203 (CKK)

**<u>MEMORANDUM OPINION</u>**
(May 3, 2022)

Pending before this Court is Defendant Garnell Walker's [43] Emergency Motion for Compassionate Release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as modified by the First Step Act.[1] Defendant Garnell Walker ("Defendant" or "Mr. Walker") earlier filed a motion for compassionate release that was denied by this Court. *See* Mem. Op. & Order, ECF No. 42 (Dec. 30, 2020). Defendant's projected release date is December 16, 2022, and his home detention eligibility date is June 16, 2022, but he has "only been offered 6 months of residential reentry center ["RRC"] placement" so [June 16, 2022] is the date he will be transferred to an RRC. Def.'s Mot., ECF No. 43, at 5; *see* Ex. 2 [BOP Sentencing Computation]. Defendant moves now for compassionate release on grounds that "his health has been compromised by inadequate care from the Bureau of Prisons" after he has "failed to receive a proper diagnosis or adequate treatment . . .

---

[1] In connection with this Memorandum Opinion and Order, the Court considered Defendant's [43] Emergency Motion for Compassionate Release ("Def.'s Mot."), and the exhibits attached thereto; the Government's [46] Response to Defendant's Emergency Motion ("Govt. Resp."); the Defendant's [47] Reply in support of Emergency Motion for Compassionate Release ("Def.'s Reply"); Defendant's [49] Supplement to his Motion for Compassionate Release ("Def.'s Supp."); and the entire record in this case.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCrR 47(f).

despite multiple requests from both Mr. Walker and counsel . . . " Def.'s Mot., ECF No. 43, at 3. The Government opposes Defendant's "immediate compassionate release" but "does not oppose the Court making a recommendation to the BOP that Mr. Walker be moved immediately to a residential reentry center (RRC)[.]" Govt. Resp., ECF No. 46, at 1. Defendant notes that while he "would welcome his release by any means available, the BOP is not bound to follow this Court's recommendation " and furthermore, "immediate release to his cousin's home and not to a halfway house would be preferable because it will allow him to access the health care he needs sooner and with fewer procedural roadblocks than those in place at a halfway house." Def.'s Reply, ECF No. 47, at 10. For the reasons explained below, Defendant's [43] Emergency Motion for Compassionate for Release is **DENIED**, but this Court shall make a recommendation to the BOP that Mr. Walker be moved immediately to a residential reentry center.

## I. BACKGROUND

On September 13, 2012, Mr. Walker was charged in a two-count indictment with one count of Possession with Intent to Distribute Five Kilograms or More of Cocaine, in violation of 21 U.S.C. Section 841(a)(1) and (b)(1)(A)(ii), (Count One) and one count of Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. Section 924(c)(1) (Count Two). Indictment, ECF No. 2.

On December 19, 2012, pursuant to a plea agreement, Mr. Walker entered a guilty plea to a lesser included offense of Count One, Possession with Intent to Distribute 500 Grams or More of Cocaine, and to Count Two, Using, Carrying or Possessing a Firearm during a Drug Trafficking Offense. Plea Agreement, ECF No. 7. At the March 26, 2013 sentencing hearing, the Court accepted the Rule 11(c)(1)(C) plea agreement and sentenced Defendant to incarceration for a term of 84 months on Count One, and 60 months on Count Two, to run consecutively for a total of 144

months of incarceration, followed by concurrent terms of 48 months of supervised release. Judgment, ECF No. 16.  Defendant is incarcerated at FCI Schuykill, and he has served approximately 9 years and 7 months of his 115 month sentence.  Def.'s Mot., ECF No. 43, at 5.

In June 2020, Mr. Walker filed a *pro se* motion seeking compassionate release based on his wife's Covid-19 diagnosis and his young son's need for care.  *See* ECF Nos. 31 (motion), 34 (supplement), 37 (letter).  Mr. Walker's request was then supplemented in a reply, through counsel, which highlighted both his health conditions and the risks from Covid-19.  *See* ECF No. 39-40 (reply and exhibits).  In December 2020, this Court denied Defendant's motion on grounds that he had presented neither extraordinary and compelling circumstances nor did the Section 3553(a) factors support release.  *See* Mem. Op. & Order, ECF No. 42, at 12 (finding there was "no medical evidence indicating that Mr. Walker has been diagnosed with any medical condition that has been determined by the CDC to be a condition that elevates risks from COVID-19, nor has he demonstrated that his family circumstances warrant compassionate release.")

Defendant moves once again for compassionate release, but this time, his motion is based on his claim that the care provided by the BOP is inadequate and it is jeopardizing his health as he has medical conditions that have not been diagnosed and/or treated.  Defendant's [43] Motion for Compassionate Release is ripe for consideration by this Court.

II. LEGAL STANDARD

The concept of "compassionate release" is embodied in the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018) ("Increasing the Use and Transparency of Compassionate Release").  While federal courts are generally forbidden to modify a term of imprisonment that has been imposed, *see United States v. Smith*, 467 F.3d 785, 788 (D.C. Cir. 2006) (noting "that Congress has, in language with a somewhat jurisdictional flavor, limited

district court authority to *modify* sentences""), this "rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). The First Step Act addresses one of those exceptions permitting a "[m]odification of an imposed term of imprisonment." *See* First Step Act, Pub. L. 115-391, §603(b) (amending 18 U.S.C. §3582(c) to permit a defendant – rather than the Bureau of Prisons - to move for a sentencing reduction). Pursuant to 18 U.S.C. § 3582(c)(1)(A), courts may, in certain circumstances, grant a defendant's motion to reduce his or her term of imprisonment.

Namely, such motion requires that the "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Furthermore, in resolving a compassionate release motion, the court may reduce a term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable," and finding that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A); *United States v. Johnson*, 464 F. Supp. 3d 22, 30 & n.3 (D.D.C. 2020) (setting forth the relevant factors in the compassionate release analysis); *United States v. Long*, 997 F.3d 342, 360-61 (D.C. Cir. 2021) (discussing the Section 3553 factors).

III. DISCUSSION

The Government does not contest that Defendant exhausted his administrative remedies by requesting compassionate release from the Warden at FCI Schuykill, first *pro se* on September 17, 2020, and then through counsel on January 10, 2022. *See* Ex. 3 [*pro se* request]; Ex. 4 [counseled request]. The Government opposes Mr. Walker's motion for compassionate release on grounds that, '[i]n substance, defendant is challenging the conditions of his confinement,

arguing that BOP's allegedly inadequate medical care poses a risk to his health and thus establishes an extraordinary and compelling reason for release." Govt. Resp., ECF No. 46, at 1. The Government contends that [t]he proper way [for Defendant] to raise such a claim [concerning the constitutionality of the BOP's actions or the conditions of Defendant's incarceration] is to file a civil suit against his current jailer in his district of confinement." Govt. Resp., ECF No. 46, at 2. Accordingly, the Government suggests that the Court should summarily deny Defendant's Motion. The Government proffers however that "to the extent that the Court concludes that defendant's claim is not limited to a challenge to the conditions of his confinement, . . .. we do not oppose defendant's alternative request for relief." Govt. Resp., ECF No. 46, at 3.

Defendant argues that the Government's interpretation of the statute is too narrow, and the statute's plain text should be interpreted broadly to apply "in *any* case" that presents "extraordinary and compelling reasons warrant[ing]" a reduction in sentence. Def's Reply, ECF No. 47, at 2. Defendant's argument relies primarily on general principles of statutory interpretation, dictionary definitions of various terms such as "any" and "extraordinary," and cases that cite dictionary definitions, as well as a recent case from United States District Court in Idaho. Def.'s Reply, ECF No. 47, at 2-5; *see United States v. Adame*, Mem. Dec. & Order at 7, ECF No. 72 (D. ID Jan. 3, 2022) ("So long as the court is satisfied that this three-factor test is met, it can reduce a sentence 'in *any* case.'") (emphasis in original).

Assuming *arguendo* that this Court finds the Defendant's assertions are not a collateral attack that should be raised in another forum, and furthermore, that Defendant's health care concerns in this case demonstrate extraordinary and compelling reasons warranting compassionate release, the Court must still evaluate the Section 3553 factors. These factors

include: "the nature and circumstances of the offense;" "the history and characteristics of the

defendant," and also the need for a sentence "to reflect the seriousness of the offense, to promote

respect for the law, and to provide just punishment for the offense," "to afford adequate

deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and

"to provide the defendant with needed educational or vocational training, medical care, and other

correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

This Court undertook an analysis of these factors in its prior Opinion denying

compassionate release, which is incorporated by reference and quoted in relevant part below:

> . . . [A]t the time he was indicted for the instant case involving drug and gun charges,
> Defendant had prior convictions for Attempted Carrying a Pistol Without a License,
> Possession of Unregistered Firearms and Ammunition, and Transporting a Handgun on a
> Roadway. With regard to the Defendant's history and characteristics, Mr. Walker focuses
> on his "exceedingly difficult upbringing" as reflected in his Presentence Report. The
> Court finds that Defendant's [criminal] history and characteristics do not weigh in favor
> of compassionate release.
>
> With regard to the severity of the underlying criminal offense and the need to impose just
> punishment, Defendant acknowledges that his offense was "a serious one for which he is
> deeply remorseful" but was not a "violent offense, and his prior criminal convictions
> included no violence." . . . Defendant explains further that his advisory Guidelines range
> is now 147-168 months of imprisonment, whereas it was previously 168-195 months, and
> he was sentenced to 144 months. . . . This Court notes that Defendant's drug charge and
> gun charge each carried a mandatory minimum of five years, and the sentence on the
> firearms charge had to run consecutive to the sentence on the drug charge. Even with the
> revised Guidelines range, Mr. Walker's sentence still falls below the low end of the current
> Guidelines range, and accordingly, the severity of the criminal offense and need to impose
> punishment do not support granting compassionate release.
>
> Considering the danger to the public and post-sentence rehabilitation, the Government
> points out that "contrary to defendant's contention that he is 'incident free,'" Mr. Walker
> incurred two disciplinary infractions during his incarceration, both of which occurred in
> 2019, involving possession of unauthorized items. . . . The Court notes that the
> unauthorized items that were the focus of the disciplinary violations were a pair of
> headphones and unauthorized bar of soap, and accordingly, these disciplinary violations
> do not weigh against compassionate release.

. . .Mr. Walker has "worked at several different work assignments at the prison and is currently assigned to the Camp General Maintenance team." . . . Defendant has completed several classes while incarcerated, including a drug education class. . . . Defendant has proposed a release plan that involves residing with his wife and children at their home in  Maryland, and he has prospective employment with his adult son or with his wife's brother.  Upon consideration, the Court finds that this factor — the perceived danger to the public and Defendant's post-sentence rehabilitation — weigh in favor of Defendant's compassionate release.  On balance, however, even if there were extraordinary and compelling reasons to grant Defendant's request for compassionate release, the Court finds that the majority of the Section 3553(a) factors — the nature and history of Defendant's offenses, the severity of the  underlying criminal offense and the need to impose just punishment — do not weigh in favor of Defendant's compassionate release.

Mem. Op. & Order, ECF No. 42, at 13-15 (internal citations omitted).

Defendant has not indicated anything relevant to the Section 3553 factors that would alter this Court's previous analysis, except for a general unsupported claim that he would be able to "access the health care he needs sooner and with fewer procedural roadblocks than those in place at a halfway house."  Def.'s Reply, ECF No. 47, at 10 (referencing 18 U.S.C. Section 3553(a)(2)(D), requiring consideration of medical care "in the most effective manner").[2] Accordingly, the Section 3553(a) factors continue to weigh against compassionate release.  This Court shall recommend however that the BOP move Mr. Walker immediately to a residential reentry center. A separate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

---

[2] Defendant does not address whether or not he has access to medical insurance if he were to be released.